# IN THE UNITED STATES DISTRICT COURT FOR
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | **NO. 3:19-cr-00248** |
| **v.** ) | |
| ) | **JUDGE CAMPBELL** |
| **GARY EDMISTON** ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Suppress Evidence. (Doc. No. 49). The Government filed a Response in Opposition. (Doc. No. 54). For the reasons discussed below, Defendant's Motion to Suppress is **DENIED**.

### I.   BACKGROUND

On October 10, 2017, while preparing for release on parole from a Tennessee prison, Defendant signed a Parole Certificate that contained provisions of parole. (Doc. No. 54-2). One of the conditions stated, "I agree to a search, without a warrant, of my person, vehicle, property, or place of residence by any Probation/Parole officer or law enforcement, at any time without reasonable suspicion." (Doc. No. 54-2). On November 15, 2018, a Tennessee Department of Corrections parole officer obtained a parole warrant for Defendant's arrest. Metro Nashville Police Department detectives arrested Defendant outside of his residence at 1920 10th Avenue N. Nashville, Tennessee. After arresting Defendant outside of the residence, parole officers conducted a search of Defendant's room in the residence and recovered two firearms, over $3,000 in cash, surgical rubber gloves, a set of digital scales, and distribution amounts of cocaine and heroin.

Defendant moves to suppress evidence seized from his residence, 1920 10th Avenue N. Nashville, Tennessee, on November 15, 2018, on the grounds that the search was without probable

cause and was not allowable under any exception to the Fourth Amendment guarantee of due process prior to seizure of property. (Doc. No. 49).

## II. ANALYSIS

"The starting point in the analysis of a challenged search is to note that a search conducted without a warrant issued upon probable cause is per se unreasonable ... subject only to a few specifically established and well-delineated exceptions." *United States v. Doxey*, 833 F.3d 692, 703 (6th Cir. 2016) (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973) (ellipses in original)) (internal quotations omitted). "One exception relevant here, provides that 'the warrant and probable cause requirements generally do not apply to searches of parolees, probationers[,] or their residences.'" *United States v. Massengill*, 769 F. App'x 342, 346 (6th Cir. 2019) (quoting *United States v. Smith*, 526 F.3d 306, 308 (6th Cir. 2008) (citing *Samson v. California*, 547 U.S. 843, 857 (2006); *United States v. Knights*, 534 U.S. 112, 118 (2001)).

"[A] particular Fourth Amendment reasonableness analysis applies to parolee searches—a totality of the circumstances test that requires assessing, on the one hand, the degree to which [the search] intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests[ ]—rather than an examination of individualized suspicion." *Massengill*, 769 F. App'x at 346 (quoting *Samson*, 547 U.S. at 848, 855 n.4, (internal quotation marks and citation omitted)). "In *Knights*, the Supreme Court found that the probationer at issue had a "significantly diminished" reasonable expectation of privacy because the search condition was clearly expressed in his probation order and he was unambiguously informed of it." *United States v. Shelton*, 384 F. Supp. 3d 916, 921 (M.D. Tenn. 2019) (citing *Knights*, 534 U.S. at 119-20). "In *Samson v. California*, 547 U.S. 843 (2006), the Supreme Court explained that parolees have an even further diminished reasonable expectation of privacy than do

2

probationers." *Shelton*, 384 F. Supp. at 921 (citing *Samson*, 547 U.S. at 850). The Supreme Court held that "the Fourth Amendment does not prohibit a police officer from conducting a suspicionless search of a parolee." *Id.* (quoting *Samson*, 547 U.S. at 856).

In the present case, the record establishes that on October 10, 2017, Defendant signed a Parole Certificate that explicitly provided: "I agree to a search, without a warrant, of my person, vehicle, property, or place of residence by any Probation/Parole officer or law enforcement, at any time without reasonable suspicion." (Doc. No. 54-2). Defendant concedes he was on parole and subject to the above conditions. (*See* Doc. No. 49). Based on this evidence, the Court finds that the search of 1920 10th Avenue N. Nashville, Tennessee was a reasonable parole-authorized search. As discussed in the above cited case law, there is a significant government interest in combating recidivism and thwarting illegal drug activity by parolees. Defendant has failed to point to any direct or strong circumstantial evidence in the record indicating circumstances that would render the search unreasonable in a constitutional sense. Accordingly, the Court denies Defendant's motion to suppress evidence seized from 1920 10th Avenue N. *See United States v. Massengill*, 769 F. App'x 342, 346 (6th Cir. 2019) (Warrantless search of defendant's residence while he was on parole was reasonable under the Fourth Amendment, where defendant signed clear and unambiguous warrantless search condition on his parole certificate).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE